**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

LIONELL KLINE

**Plaintiffs,**

vs.

**UNITED AIRLINES, INC.,**

**Defendants.**

)
)
)
)
)
)
)
)

JAN 24 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**19 CV 5291**

**Judge John Tharp, Jr.**

## AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff **LIONELL KLINE** (hereinafter **"KLINE"** OR "Plaintiff") by and through his attorney Calvita J. Frederick, and complaining of the Defendants, **UNITED AIRLINES, INC.** (hereinafter "UNITED" or "Defendant"), states as follows:

## THE PARITES

1.      PLAINTIFF LIONELL KLINE, ("KLINE" or "Plaintiff") is a male, citizen of the United States, and at all times relevant thereto was a resident of the City of Chicago, County of Cook and the State of Illinois.

2.      DEFENDANT **UNITED AIRLINES, INC.** ("UNITED" or Defendant"), **i**s a Delaware corporation, licensed to do business within the State of Illinois, with business office located at 233 S. Wacker Drive, 14th Floor., Chicago, IL. 60606. United Airlines, Inc., commonly referred to as United, is a major American airline with an office at Willis Tower in Chicago, Illinois. United operates a large domestic and international route network, with an extensive presence in the Asia-Pacific region.

## JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court properly has jurisdiction over this matter. The amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is

1

complete diversity among the parties. This Court has subject matter jurisdiction over these claims because they arise under the laws of the United States pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1391(b) and (c) because: Defendant UNITED operates in Cook County within the venue; Defendant UNITED has sufficient minimum contacts with the venue and all of the events or omissions giving rise to these claims occurred in the venue.

5.      Pursuant to 28 U.S.C. § 1367(a) this Court has pendant or supplemental jurisdiction over all other claims including the state law claims that are so related to claims in the action within the federal court's original jurisdiction that they form part of the same case or controversy under

## FACTS RELEVANT TO ALL COUNTS

6.      KLINE was hired by UNITED, in May of 1988 as a Ramp Serviceman. KLINE was later promoted to Lead Ramp Serviceman.

7.      KLINE'S responsibilities included directing the operation at plane side, towing and guiding in aircraft, loading and unloading aircrafts, and ensuring the proper weight and balance of the aircraft prior to take off. Kline was also responsible for coordination with the flight operation center prior to take off with minimum manpower or less, and with on-time accuracy without incident for many years.

8.      KLINE proved his industriousness, presented and represented himself in an orderly and respectful manner and commanded and continues to command the respect of his fellow employees. Additionally, KLINE demonstrated his capacity and abilities to perform all job tasks to which he was assigned.

9.      Emilio Contreras (non-black, 61), Airport Operations Supervisor, was KLINE'S direct supervisor.

10.     Contreras continuously harassed KLINE. The harassment included Contreras' attempts to unnecessarily discipline KLINE or cause discipline to be issued. By way of example, one such

2

situation involved a delayed fight. In that situation, Contreras came into KLINE'S work area and yelled at him and berated him about the necessity of an investigation. In addition, Contreras would constantly come into his area and bother his crew.   On or about October 22, 2012, Contreras came into his kiosk and yelled "You better get downstairs for a meeting and you might want to get a shop steward". This was done in front of KLINE'S subordinates. Contreras' behavior only served to cause discourse amongst KLINE and his subordinates. Contreras did not treat non-black employees in the same manner as KLINE.

11.     In or about October 2012 KLINE reported the unlawful harassment of Contreras to Rick Bolanowski (non-black, 58), Human Resources director and Carol Grapenthien (non-black, 59), Human Resources, but no action was taken and the harassment continued.

12.     KLINE also reported the harassment by Jay Gegenheimer (non-black, 50).

13.     After reporting the illegal harassment and discrimination, KLINE was subjected to retaliation.

14.     By way of example, after making his complaint, the terms and conditions of his employment changed inasmuch as he was given different job duties—more gate changes and more flights. The changes required more work from KLINE.

15.     Contreras treated KLINE differently than similarly-situated non-black and younger employees. By way of example, Contreras and Defendant failed to provide KLINE with the same assistance as other similarly-situated employees under his supervision and control.

16.     By way of example, on or about January 12, 2013, Dan Loner (non-black, 37), Ramp Serviceman, came to KLINE'S gate, allegedly volunteering to push a plane out because he was short staffed. Loner physically pushed KLINE when he was standing outside bringing an aircraft in, and KLINE almost fell to the ground. The plane stopped until KLINE was able to reconnect

with the aircraft and then brought the plane the rest of the way in. KLINE called Contreras over the radio regarding the incident but got no response from Contreras. In other words, Contreras ignored KLINE regarding a term or condition of his employment. Loner was arrested for assault and returned to work a few days later. Loner is in the same zone as KLINE at gate B6 but is not a lead like KLINE was. Loner was not disciplined for his actions.

17.     Elaine Arizmendi (non-black, 45) Ramp Serviceman, witnessed Loner pushing KLINE and she provided Contreras with a written statement regarding what she witnessed. Contreras never provided the statement that Arizmendi and KLINE made regarding KLINE being pushed by Loner to any person in Human Resources.

18.     Despite Arizmendi already providing a statement to Contreras regarding Loner pushing KLINE, Contreras continued to interview Arizmendi several times regarding the incident. Contreras subjected Arizmendi to unnecessary interviews for a total of five times. Arizmendi stated that she told the truth the first time Contreras interviewed her. Arizmendi stated that she has a mental disability and was not taking her medication and she became scared and changed her story after being threatened by Contreras. Under information and belief, Contreras told Arizemndi that if she didn't change her story and say that Loner did not push KLINE, that she would be discharged.

19.     As his supervisor, KLINE expected that Contreras would conduct an open and honest investigation into the serious allegations that were made. Instead, Contreras bullied a witness into lying and his motivating factor in doing so was to terminate KLINE from his position.

20.     In 2013, UNITED offered buy out packages for its employees who met certain terms and qualifications. KLINE met all qualifications necessary to be included in the buyout. Despite this, UNITED refused to offer him the buyout.

4

21. KLINE'S race and his age were a factor in UNITED'S decision not to offer him a buyout, as well as his previous complaints of discrimination.

22. Two non-black employees, Bruce Forte and Craig Palmer, were hired about the same time as KLINE. Both Forte and Palmer were accused of and found guilty of wrongdoing in the workplace and they were both offered and allowed to accept the buyout.

23. Another non-black employee, Sonny Hoffman, was accused of and found guilty of illegal conduct at work. Hoffman was offered and allowed to accept an early retirement. Hoffman, Forte and Palmer were accused of wrongdoing, just as UNITED accused KLINE of wrongdoing. The only difference is that KLINE is Black and he made previous complaints of unlawful discrimination.

24. Because UNITED failed to take any action regarding his complaints, on or about February 19, 2013, KLINE filed EEOC Charge 21BA31032, with US Equal Employment Opportunity Commission, alleging harassment, unequal terms and conditions of employment, age discrimination, unequal job assignments, and retaliation. (See EEOC Charge attached hereto as Exhibit "A")

25. KLINE was discharged on June 14, 2013. The reason given was violation of UNITED'S working together guidelines.

26. The reason given by UNITED for terminating KLINE was a pretext inasmuch as the guidelines that UNITED proffered in support of the termination, were NOT the guidelines that KLINE'S employment fell under. Indeed, KLINE'S employment at all relevant times was governed by the Collective Bargaining Agreement and not the Working Together Guidelines.

27.     Even if the proper guidelines were utilized, KLINE'S termination was still wrongful as the conduct alleged to have been committed was not sufficient for termination and KLINE disputes having engaged in any inappropriate conduct.

28.     Instead, KLINE was terminated as a result of discrimination based upon race and age, as well as his complaints of discrimination made to both UNITED and the EEOC.

29.     Further, Loner should have been discharged by UNITED for violating the UNITED working together policy but UNITED did not terminate LONER.

30.     On or about June 17, 2013, KLINE filed a second charge with the EEOC Charge 2013CA3431, alleging discriminatory discharge based upon age and retaliation. This charge also incorporates by reference the previously filed Charge 2013CA2200. (See EEOC Charge attached hereto as Exhibit "B")

31.     Similarly situated non-black employees with performance comparable to KLINE'S were not discharged.

32.     UNITED replaced KLINE with a non-black employee, who was younger than KLINE.

33.     The Illinois Department of Human Rights conducted an investigation of Charge 2013CA2200 in February of 2014.

34.     On June 9, 2014, KLINE requested a review of the dismissal of his charge for lack of substantial evidence by the Human Rights' Commission.

35.     EEOC claims to have issued a Right to Sue Letter in 2014; however, no Right to Sue Letter was requested or received by KLINE or anyone on his behalf. The claim of an issuance of a Right to Sue Letter in 2014 is inconsistent with actions taken by the Human Rights Commission in February of 2019, as to Charge 2013CA2200.

36.     The Human Rights Commission failed to take proper and timely action on KLINE'S request for review for five years, because no Order was issued by the Human Rights Commission until February 22, 2019

37.     Kline believes that EEOC Charge # 440-2013-00453C, Kline, Lionell, Complainant vs Respondent: UNITED AIRLINES, may have been wrongfully destroyed by the EEOC in 2014.

38.     On May 3, 2019, KLINE was issued a letter from Carol A. Cera, Staff Attorney at the Illinois Department of Human Rights indicating an Order had issued from the Illinois Human Rights Commission vacating the dismissal of Count B of the Charge by the Illinois Department of Human Rights, reinstating Count B of the Charge and remanding Count B of the Charge to the Department for this entry of a finding of Substantial Evidence. In addition, the letter indicated that KLINE may commence a civil action as to Count B of the Charge in the appropriate state circuit court within ninety (90) days after receipt of this Notice. The civil action should be filed in the circuit court in the county in which the civil rights violation was allegedly committed.

39.     The May 3, 2019 Letter was received by KLINE on May 7, 2019. (See May 3, 2019 Letter attached hereto as Exhibit "C")

40.     On September 5, 2019, the EEOC issued a Notice of Right to Sue. KLINE has filed the amended complaint within the 90-day notice period required.

## COUNT I
## VIOLATION OF TITLE VII DISCRIMINATION BASED UPON RACE AGAINST UNITED

41      Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 40 above.

42.     Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment practices and specifically 42 U.S.C.A. § 2000e-2 provides in pertinent part:

**"(a) Employer practices**

It shall be an unlawful employment practice for an employer—

**(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;"

43.    Plaintiff has filed this cause subsequent to a timely filing of a Charge of Discrimination based upon race and age with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached to this Complaint as Exhibit "A" and "B".

44.    Plaintiff has filed this cause pursuant to a "Letter" issued by the Illinois Department of Human Rights and Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached to this complaint as Exhibit "C".

45.    Plaintiff, at all times pertinent to this Complaint, was a resident within the venue and jurisdiction of this judicial district and was within the protected race group (Black) as provided by Title VII.

46.    UNITED at all times relevant to this Complaint, operated and did business within the venue and jurisdiction of this judicial circuit.

47.    During the course of his employment KLINE came under the supervision of Contreras who subjected KLINE to differential terms and conditions of employment because of his race.

48.    UNITED'S conduct as previously alleged at length herein and as described in the Charge of Discrimination attached to this Complaint constitutes discrimination based upon race in direct violation of Title VII.

49.    As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in his career and to his person and has otherwise suffered monetary damages.

WHEREFORE, Plaintiff LIONELL KLINE, demands judgment against the Defendant, UNITED as follows:

A.    For retroactive reinstatement to his employment position at the time of termination with all back pay, benefits and other emoluments of employment;

B.    For an award of $300,000 in compensatory damages suffered because of the discrimination; Plaintiff's injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary damages and fringe benefits;

C.    For attorney's fees and costs of this suit, pursuant to applicable statute; and

D.    For such other and further relief, as is just and equitable.

## COUNT II
## VIOLATION OF THE ADEA

50    Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 49 above.

51.    Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967. ("ADEA"), 29 U.S.C.A. §§621 et seq.

52.    Jurisdiction also arises pursuant to 28 U.S.C.A. §1343(4).

53.    Plaintiff has filed this cause subsequent to a timely filing of a Charge of Discrimination based upon age with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached to this complaint as Exhibit "A" and "B".

54.    Plaintiff has filed this cause pursuant to a Letter issued by the Illinois Department of Human Rights and the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached to this Complaint as Exhibit "C".

55.     Plaintiff, at all times pertinent to this Complaint, was a resident within the venue and jurisdiction of this judicial district and was within the protected age group as provided by the ADEA.

56.     The Defendant at all times relevant to this Complaint, operated and did business within the venue and jurisdiction of this judicial circuit.

57.     Plaintiff was employed by the Defendant from approximately May of 1988 until he was wrongfully terminated on June 14, 2013. At the time of his termination KLINE was 50 years of age. KLINE was replaced with an employee younger than 40 years of age.

58.     In direct violation of the ADEA, the defendants engaged in the age discriminatory acts described in the Charge of Discrimination, attached to the complaint and incorporated herein by reference, including but not limited to:

        a.      Disciplined KLINE up to and including with termination for alleged violation of the working together guidelines, for allegedly providing false information during an investigation, for falsely accusing a co-worker of assault, and for falsely claiming a workplace injury.

        b.      Failed and refused to discipline Loner, (non-Black, 37) for violation of the working together guidelines, and for providing false information during an investigation.

        c.      Fabricated a "for cause" reason to terminate KLINE.

        d.      Admonished, humiliated and embarrassed KLINE by repeatedly harassing him including yelling, pushing and accusing him of wrongdoing in front of his co-workers.

        e.      Treated KLINE differently from other similarly situated employees;

        f.      Subjected KLINE to scrutiny, discipline, wrongful allegations of misconduct and harassment as part of a conspiracy intended to and did result in his termination;

10

g.     Created a hostile work environment by the activities listed above;

h.     Failed and refused to conduct an honest, open and good faith investigation of the charges levied by KLINE against Contreras, Loner and others.

59.    As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in his career and has otherwise suffered monetary damages.

WHEREFORE, Plaintiff KLINE, demands judgment against the Defendant, UNITED as follows:

A.     For damages in an amount in excess of $75,000, equal to Plaintiff's back pay and benefits from June 14, 2013 through the present pursuant to Section 7(b) of the ADEA, 29 U.S.C.A. §626 (b);

B.     For an award of compensatory damages for Plaintiff's injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary damages and fringe benefits;

C.     For reinstatement to his previous position, or in the alternative, for front pay, pursuant to Section 7 (e) of the ADEA, 29 U.S.C.A. §626 (b);

D.     For Attorney's fees and costs of this suit, pursuant to Section 7(b) of the ADEA, 29 U.S.C.A. §626 (c); and

E.     For such other and further relief as is just and equitable.

## COUNT III
## ADEA – WILLFUL VIOLATION

60.    Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 40 and 51 through 59 above.

61.    Defendant's discriminatory conduct was intentional and/or in reckless disregard for Plaintiff's rights under the law and these acts constitute willful indifference to said rights.

WHEREFORE, Plaintiff KLINE, demands judgment against the Defendant, UNITED as follows:

A. For damages in an amount equal to Plaintiff's back pay and benefits from July 13, 2018 through the present pursuant to Section 7(b) of the ADEA, 29 U.S.C.A. §626 (b);

B. For an award of compensatory damages for Plaintiff's injury to his career, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary damages and fringe benefits;

C. For reinstatement to his previous position, or in the alternative, for front pay, pursuant to Section 7 (e) of the ADEA, 29 U.S.C.A. §626 (b);

D. For Attorney's fees and costs of this suit, pursuant to Section 7(b) of the ADEA, 29 U.S.C.A. §626 (c);

E. Punitive damages; and

F. For such other and further relief as is just and equitable

## COUNT IV
## RETALIATION AGAINST UNITED

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 inclusive.

63. Plaintiff has been threatened, subjected to intimidating and derogatory statements, forced to work in unsafe conditions, endured assault and battery, pushed in front of a moving plane, demeaned and humiliated in front of his peers, all in retaliation for opposing and making charges of harassment and a complaint regarding a car accident wherein he was hit by a UNITED pilot in the parking lot and left injured and unattended in the parking lot; required to carry heavy bags on snow covered steel steps when UNITED intentionally refused to repair the mechanical jet way,

and pushed in front of a moving airplane, which conduct Plaintiff reasonably believed to be an unlawful employment practice under Title VII in violation of 42 U.S.C. § 2000e-3(a).

64.    As alleged above, these actions began occurring shortly after August of 2012, when Plaintiff filed a complaint with the UNITED Human Resources Department and the EEOC and continued to the day when Plaintiff was discharged.

65.    Up to the date of Plaintiff's discharge, Plaintiff continued to be harassed and retaliated against by his supervisor Contreras, who continued to single Plaintiff out for mistreatment.

66.    A reasonable person in Plaintiff's position would find the Defendant's actions materially adverse.

67.    Defendant acted willfully and in bad faith.

WHEREFORE, Plaintiff demands judgment against Defendant UNITED for reinstatement, transfer, compensatory, prejudgment interest, attorneys' fees, costs, and such other and further relief as the court deems proper.


## COUNT V
## VIOLATION OF ILLINOIS HUMAN RIGHTS ACT SECTIONS 2-102(a)
## AGAINST UNITED

68.    Plaintiff realleges and incorporates by reference paragraphs 1 through 67 inclusive.

69.    (775 ILCS 5/2-102) Sec 2-102provides in pertinent part:  It is a civil rights violation

(A)    Employer;  For any employer to refuse to hire, to segregate, to act with respect to recruitment, hiring, promotion, with respect to renewal of promotion, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment, on the basis of unlawful discrimination or citizenship status.

70.    Plaintiff has filed this cause subsequent to a timely filing of a Charge of Discrimination based upon race and age with the Illinois Department of Human Rights and the Equal

Employment Opportunity Commission, a true and correct copy of which is attached to this Complaint as Exhibit "A" and "B".

71.     Plaintiff has filed this cause pursuant to a "Letter" issued by the Illinois Department of Human Rights and Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached to this complaint as Exhibit "C".

72.     Plaintiff, at all times pertinent to this Complaint, was a resident within the venue and jurisdiction of this judicial district and was within the protected race group (Black) as provided by Sec 2-102.

73.     The Defendant at all times relevant to this Complaint, operated and did business within the venue and jurisdiction of this judicial circuit.

74.     During the course of his employment the Plaintiff came under the supervision of Contreras who subjected KLINE to differential terms and conditions of employment because of his race.

75.     The Defendant UNITED'S conduct as previously alleged at length herein and as described in the Charge of Discrimination attached to this Complaint constitutes discrimination based upon race in direct violation of Sec 2-102.

76.     As a result of Defendant's discriminatory conduct, Plaintiff has been damaged in his career and to his person and has otherwise suffered monetary damages.


WHEREFORE, Plaintiff LIONELL KLINE, demands judgment against the Defendant, UNITED as follows:

        A.     For retroactive reinstatement to his employment position at the time of termination with all back pay, benefits and other emoluments of employment;

        B.     For an award of $300,000 in compensatory damages suffered because of the discrimination; Plaintiff's injury to his career, emotional pain and suffering, inconvenience,

mental anguish, loss of enjoyment of life, punitive damages, and other nonpecuniary damages and fringe benefits;

E.     For attorney's fees and costs of this suit, pursuant to applicable statute; and

F.     For such other and further relief, as is just and equitable.

## COUNT V
## VIOLATION OF ILLINOIS HUMAN RIGHTS ACT SECTIONS 6-101(A) AGAINST UNITED

77.     Plaintiff realleges and incorporates by reference paragraphs 1 through 77 inclusive.

78.     (775 ILCS 5/2-102) Illinois Human Rights Act Sec. 6-101, provides in pertinent part:

Sec. 6-101. Additional Civil Rights Violations. It is a civil rights violation for a person, or for two or more persons to conspire, to:

(A) Retaliation. Retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in elementary, secondary, and higher education, discrimination based on citizenship status in employment, because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act, or because he or she has requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by this Act.

79.     Plaintiff has been threatened, subjected to intimidating and derogatory statements, forced to work in unsafe conditions, faced assault and battery, pushed in front of a moving plane, demeaned and humiliated in front of his peers, in retaliation for opposing and making charges regarding a car accident wherein he was hit by a UNITED pilot in the parking lot and left injured and unattended in the parking lot; required to carry heavy bags on snow covered steel steps when UNITED intentionally refused to repair the mechanical jet way, conduct Plaintiff reasonably believed to be an unlawful employment practice under Title VII in violation of 42 U.S.C. § 2000e-3(a) and Sec. 6-101.

15

80.     As alleged above, these actions began occurring shortly after August of 2012, when Plaintiff filed a complaint with the UNITED Human Resources Department and the EEOC and continued to the day when Plaintiff was discharged.

81.     Up to the date of Plaintiff's discharge, Plaintiff continued to be harassed and retaliated against by his supervisor Contreras, who continued to single Plaintiff out for mistreatment.

82.     A reasonable person in Plaintiff's position would find the Defendant's actions materially adverse.

83.     Defendant acted willfully and in bad faith.

WHEREFORE, Plaintiff demands judgment against Defendant UNITED for reinstatement, transfer, compensatory, punitive damages, prejudgment interest, attorneys' fees, costs, and such other and further relief as the court deems proper.

January 24, 2020                          Respectfully submitted,

                                          LIONEL L. KLINE

Lionell Kline
9212 3. ESSEX AVE.
Chicago, IL 60617
773 260 - 2840

# EXHIBIT "A"

| CHARGE OF DISCRIMINATION This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. #13W0219.07 | AGENCY ☒ IDHR ☐ EEOC | CHARGE NUMBER 2013CA2200 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) Mr. Lionell Kline | TELEPHONE NUMBER (include area code) (773) 375-4103 | |
|---|---|---|
| STREET ADDRESS 9212 S. Essex | CITY, STATE AND ZIP CODE Chicago, Illinois 60617 | DATE OF BIRTH 12/27/62 M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT United Airlines | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) (312) 997-8001 | |
|---|---|---|---|
| STREET ADDRESS 77 West Wacker Drive | CITY, STATE AND ZIP CODE Chicago, Illinois 60601 | | COUNTY Cook |

| CAUSE OF DISCRIMINATION BASED ON: Age    Race    Retaliation | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) 8/22/12    2/13/13 ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. **ISSUE/BASIS**
HARASSMENT – AUGUST 22, 2012, THROUGH FEBRUARY 13, 2013, BECAUSE OF MY RACE, BLACK

B. **PRIMA FACIE ALLEGATIONS**

1. My race is black.

2. My job performance as lead ramp serviceman meets Respondent's expectations. I was hired on May 24, 1988.

Page 1 of 3

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS _19_ DAY OF _February_, 2013. _Jacquelyn Turner Hamb_ NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL JACQUELYN TURNER HAMB NOTARY PUBLIC - STATE OF ILLINOIS MY COMMISSION EXPIRES:09/25/13 NOTARY STAMP | X _Lionell Kline_   2/19/13 SIGNATURE OF COMPLAINANT    DATE I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

Charge Number: 201   A2200
Complainant:Lionell Kline
Page 2 of 3

3. From August 22, 2012, through February 13, 2013, I have been harassed by Jay Gegenheimer, (non-black), co-worker, Emillo Contreas (non-black), Supervisor, and Dan Loner (non-black), co-worker. On August 22, 2012, Gegenheimer stormed into the Kios at Gate B-9 where I was working in a violent and threatening manner. On October 22, 2012, Emillo Contreas told me in a demanding and threatening manner I needed to be in a meeting with Human Resources and I might need a shop steward. On February 13, 2013, Loner assaulted and pushed me.

4. Similarly situated non-black employees are not treated in this manner.

II.   A.   ISSUE/BASIS
HARASSMENT – AUGUST 22, 2012, THROUGH FEBRUARY 13, 2013, BECAUSE OF MY AGE, 50

B.   PRIMA FACIE ALLEGATIONS

1. My age is 50.

2. My job performance as lead ramp serviceman meets Respondent's expectations. I was hired on May 24, 1988.

3. From August 22, 2012, through February 13, 2013, I have been harassed by Jay Gegenheimer, (non-black), co-worker, Emillo Contreas (non-black), Supervisor, and Dan Loner (non-black), co-worker. On August 22, 2012, Gegenheimer stormed into the Kios at Gate B-9 where I was working in a violent and threatening manner. On October 22, 2012, Emillo Contreas told me in a demanding and threatening manner I needed to be in a meeting with Human Resources and I might need a shop steward. On February 13, 2013, Loner assaulted and pushed me.

4. Similarly situated younger employees under age 40 are not treated in this manner.

III.   A.   ISSUE/BASIS
UNEQUAL JOB ASSIGNMENTSLATE AUGUST 2012, AND CONTINUING THROUGH FEBRUARY 13, 2013, BECAUSE OF MY RACE, BLACK

B.   PRIMA FACIE ALLEGATIONS
1. My race is black.

2. My job performance as lead ramp serviceman meets Respondent's expectations. I was hired on May 24, 1988.

3. From late August 2012, through February 13, 2013, I was subjected to unequal job assignments, in that, I am being assigned more flights and more gate changes to work.

Charge Number: 201. 12261
Complainant: Lionell Kline
Page 3 of 3

4. Similarly situated non-black employees are not being treated in this manner.

IV.   A.   **ISSUE/BASIS**
UNEQUAL JOB ASSIGNMENTS LATE AUGUST 2012, AND
CONTINUING THROUGH FEBRUARY 13, 2013, BECAUSE OF MY AGE,
50

B.   **PRIMA FACIE ALLEGATIONS**
1. My age is 50.

2. My job performance as lead ramp serviceman meets Respondent's expectations. I was hired on May 24, 1988.

3. From June 2012, through February 13, 2013, I was subjected to unequal job assignments, in that, I am being assigned more flights and more gate changes to work.

4. Similarly situated younger employees under age 40 are not being treated in this manner.

V.   A.   **ISSUE/BASIS**
UNEQUAL JOB ASSIGNMENTS – OCTOBER 2012, THROUGH
FEBRUARY 13, 2013, IN RETALIATION FOR OPPOSING
DISCRIMINATION

B.   **PRIIMA FACIE ALLEGATIONS**
1. In October 2012, I engaged in a protected activity when I complained to Respondent that I believe I was being subjected to discrimination in the workplace.

2. My job performance as lead ramp serviceman meets Respondent's expectations. I was hired on May 24, 1988.

3. From October 2012, through February 13, 2013, I was subjected to unequal job assignments, in that, I am being assigned more flights and more gate changes to work.

4. The unequal terms and conditions followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

MFP/JJT/amm

# EXHIBIT "B"

EEOC Form 161-B (

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lionell Kline<br>9212 S Essex<br>Chicago, IL 60617 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2013-01032 | Daniel Lim,<br>State & Local Coordinator | (312) 872-9669 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman*/dll                    9/5/2019

Enclosures(s)

**Julianne Bowman,**
**District Director**                    (Date Mailed)

cc:

UNITED AIRLINES
c/o Chief Executive Officer
77 W Wacker Drive
Chicago, IL 60601

## PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

## ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

## DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. | ☒ IDHR | 2013CA2200 |
| # 13W0219.07 | ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (include area code) | |
|---|---|---|
| Mr. Lionell Kline | (773) 375-4103 | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | DATE OF BIRTH |
| 9212 S. Essex          Chicago, Illinois 60617 | | 12/27/ 62  M  D  YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE NUMBER (include area code) |
|---|---|---|
| United Airlines | 15+ | (312) 997-8001 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| 77 West Wacker Drive       Chicago, Illinois 60601 | | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Age       Race       Retaliation | 8/22/12                    2/13/13  ☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.  ISSUE/BASIS
HARASSMENT – AUGUST 22, 2012, THROUGH FEBRUARY 13, 2013, BECAUSE OF MY RACE, BLACK

B.  PRIMA FACIE ALLEGATIONS

1.  My race is black.

2.  My job performance as lead ramp serviceman meets Respondent's expectations. I was hired on May 24, 1988.

Page 1 of 3

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS _19_ DAY OF _February_ , 2013.

_Jacquelyn Turner Hamb_
NOTARY SIGNATURE

OFFICIAL SEAL
JACQUELYN TURNER HAMB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/25/13

NOTARY STAMP

X _Lionell Klem_          2/19/13
SIGNATURE OF COMPLAINANT          DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.



**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**

500 West Madison St., Suite 2000
Chicago, Il 60661-2511
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

**IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS
NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE.
THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.**

**IDHR CHARGE NUMBER:** 2013CA3431       KLINE LIONELL

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also receive for filing the subject charge of discrimination.

You are encouraged to cooperate with the IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

The IDHR will process your charge. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review the IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of the IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept the IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

*PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE
DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN
APPOINTMENT IS REQUIRED, CALL (312) 353-2713 OR 1-800-669-4000.*

EEOC NOTICE

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#13W0617.11

| AGENCY | |
|---|---|
| ☒ IDHR | |
| ☐ EEOC | |

**CHARGE NUMBER**

2013CA3431

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (Indicate Mr. Ms. Mrs.) | TELEPHONE NUMBER (Include area code) |
|---|---|
| Mr. Lionell Kline | (773) 260-2840 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH 12/27/1962 M    D    YEAR |
|---|---|---|
| 9212 S. Essex | Chicago, IL 60617 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (Include area code) |
|---|---|---|
| United Airlines | | (877) 822-8673 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 233 South Wacker Drive | Chicago, IL 60606 | Cook |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Age          Retaliation | – 06/14/2013 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.  **ISSUE/BASIS**

   **DISCHARGE – JUNE 14, 2013, BECAUSE OF MY AGE, 50**

   B.  **PRIMA FACIE ALLEGATIONS**

   1.  My age at the time of the alleged harm was 50.

   2.  I began my employment with Respondent in May 1988. My work performance as a lead ramp serviceman met Respondent's legitimate expectations.

**Page 1 of 2**

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS _____ DAY OF _____

NOTARY SIGNATURE

OFFICIAL SEAL
YOLANDA G GODWIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/21/15

X _____   6/17/13
SIGNATURE OF COMPLAINANT        DATE

I declare under penalty that the foregoing is true and correct I swear that I have read the above charge and that it is true to the best of my knowledge, information and belief.

NOTARY STAMP

EEO-5 FORM (Rev. 7/12-INT)

Charge Number: 2013CA2031
Complainant: Lionell Kline
Page 2 of 2

3. On June 14, 2013, I was discharged. The reason Respondent gave for discharging me was that I violated Respondent's working together guidelines, in that, I allegedly provided false information in an investigation, falsely accused a co-worker of assault and falsely claiming a workplace injury.

4. Similarly situated employee, Daniel Loner (37), Ramp Serviceman, assaulted me in the workplace and he was not discharged.

II.   A.   ISSUE/BASIS

DISCHARGE – JUNE 14, 2013, IN RETALIATION FOR FILING A DISCRIMINATION CHARGE

B.   PRIMA FACIE ALLEGATIONS

1. On February 19, 2013, I filed charge 2013CA2200 against Respondent with the Illinois Department of Human Rights.

2. On June 14, 2013, I was discharged. The reason Respondent gave for discharging me was that I violated Respondent's working together guidelines, in that, I allegedly provided false information in an investigation, falsely accused a co-worker of assault and falsely claiming a workplace injury.

3. The adverse action followed the filing of my discrimination charge within such a period of time as to raise an inference of retaliatory motivation.

MEE/TFR

# EXHIBIT "C"

ILLINOIS DEPARTMENT OF
# Human Rights

JB Pritzker, Governor
James L. Bennett, Director

May 3, 2019

Lionell Kline
9212 S. Essex Ave.
Chicago, IL: 60617

Matthew P. Weems, Esq.
180 North Stetson Avenue, Suite 3500
Chicago, IL 60601

Robin Hoornstra- EEO Compliance
The United Building
233 South Wacker Drive
Chicago, IL 60606

Re: Lionell Kline vs United Airlines, Charge 2013CA3431

## NOTICE OF SUBSTANTIAL EVIDENCE AS TO COUNT B

You have received an Order from the Illinois Human Rights Commission ("Commission") vacating the dismissal of Count B of the Charge by the Illinois Department of Human Rights ("Department"), reinstating Count B of the Charge and remanding Count B of the Charge to the Department for this entry of a finding of Substantial Evidence.

## Complainant has the following options:

1) Within thirty (30) days of receipt of this Notice of Substantial Evidence, you may notify the Department in writing if you wish the Department to file a complaint as to Count B of the Charge with the Commission pertaining to the allegation(s). Your request should be sent to: Chief Legal Counsel, Illinois Department of Human Rights, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

The Illinois Human Rights Act ("Act") permits the Department to conduct conciliation to provide the parties with an opportunity to settle the case before a complaint is filed as to Count B with the Commission. Conciliation is a process in which a Department Staff Attorney facilitates settlement discussions with both parties via telephone. Should you notify the Department as outlined above, that you wish the Department to file a complaint with the Commission, I have been designated by the Director to CONCILIATE this case.

You also have the opportunity to use the mediation process to resolve your case if both parties agree and time-constraints for filing a complaint according to the Act can be met. Mediation is a form of alternative dispute resolution. Parties to a Department charge meet voluntarily in an informal atmosphere with a certified mediator to discuss voluntary settlement options to close the Department charge. All mediation settlement conferences are held in the Department's Chicago office. Please contact me if you are interested in resolving your case through mediation.

All settlement efforts are confidential and must be concluded within ninety (90) days of receipt of this notice. If it is determined there is not a reasonable possibility of settlement, I will prepare a complaint as to Count B of the Charge against Respondent, file it with the Commission and serve a notice of such filing on all parties, pursuant to Section 7A-102(F) of the Act. It is then the responsibility of the parties to proceed forward with the case in the Commission.

Or

2) Complainant may within ninety (90) days of receipt of this Notice, file a complaint as to Count B with the Commission. If Complainant files a complaint with the Commission, Complainant must also give notice of such filing to the Department.

Or

3) Complainant may commence a civil action as to Count B of the Charge in the appropriate state circuit court within ninety (90) days after receipt of this Notice. The civil action should be filed in the circuit court in the county in which the civil rights violation was allegedly committed.

Carol A. Cera
Staff Attorney
(312) 814-4674