

Amy I. Harworth
ReedSmith
10 S. Wacker Drive
Chicago, IL 60606-7507
E-mail: aharwath@reedsmith.com

December 29, 2020

Plaintiff's Response to Defendants Response to Motion to Compel Production of Documents Responsive to Plaintiff's Second Request for Production of Documents and First Request for Production of Interrogations and for Sanctions

## Kline v. United Airlines, Inc. Case No. 19-cv-05291

Your December 4, 2020 response to the MIDP response as a supplementation is unacceptable; response is over a year late. Pursuant to MIDP rules, your response should have been received as indicated [Dkt. #47] & [Dkt. 53]   In addition you failed to meet {Dkt. #16] with a certificate of compliance. Instead you injected a bogus certificate of compliance bearing the name of Emilio Contreras in violation of FRCP; failed to respond to the Mandatory Initial Discovery request set forth in the Standing Order before initiating any further discovery request. [Dkt. #4] After the initial mandatory discovery responses have been provided, additional discovery may proceed under the Federal Rules of Civil Procedure.

You never responded to the MIDP and proceeded to other discovery in violation of the MIDP Standing Order. Jill Vorobiev made no mention in her Joint Status Report [Dkt.12] [Dkt. #15] of her failure to respond to Plaintiff's MIDP "C" shown below. [Dkt. # 16] states MIDP disclosures are due by 11/12/19 along with the required certificate of compliance. I found no recognizable certificate of compliance.

Your MIDPP Discover Response 1) is deficient in providing name, telephone numbers of all persons are likely to have discoverable information… your list includes all of the names I provided stating specifically "that these nine (9) individuals may be contacted only through United's counsel. Item 9. "Mr., Loner is likely to have discoverable information concerning Plaintiff's claim that he was assaulted by Dan Loner and Plaintiff's claim in this lawsuit." But does not include Daniel Loner "may be contacted only through United's counsel." You fail to provide an address and telephone number for Daniel Loner.

In addition and contrary to your statement above your ANSWER dated November 12, 2020 is consistent with your Boilerplate tactic throughout this proceeding in violation of FRCP. Namely your deciding that Emilio Contreras, James Reardon, Ed Cox, Frank Wyzykowski, Karen Davis, Carole Grapesthien, Neal Banks, Nino Diaz, Mark Vicary, Rick Bolanowski, Jon Gegenheimer, that you have determined that these individuals are, not parties to this lawsuit and the information requested is not relevant. Again denying the truth about your enslavement of these individuals by demanding that they sign confidential waivers.

### C. Disclosure of Hard-Copy Documents and ESI

Plaintiff request hard copy documents to be produced in hard copy format, with an index detailing the documents produced, for the years requested and covered by the allegations contained in the complaint, along with a CD.

### ESI

Plaintiff request ESI to be produced in hard copy format, with an index detailing the documents produced, for the years requested and covered by the allegations contained in the complaint, along with a CD.

In your December 4, 2020 letter you failed to respond to the ESI Employee Compliance Department declared by Emilio Contreras February 27, 2013 (0001207) letter to Dan Loner as being an electronic file maintained and accessible only by members of the Employee Compliance. This ESI exists and United is controlling this ESI. As stated by Emilio, UA0001207 "Access to this electronic file is limited only to those with a legitimate business reason to have access to the information contained."

You failed to respond to the request for video footage from 2013, stating: "request for production No.3 is no longer available". Pursuant to FRCP you must provide why it is no longer available; provide the custodians name and address. The Video footage that you provided is flawed. The video was evidence that was destroyed by United. Your response is deficient.

In the November 10, 2020 meet and confer Jill's answer to my request for documents were "Anything prior to February 7, 2020 is not relevant." She claims that is not the operative complaint". I asked Jill for a listing of all employees from 2012 to 2013 that were eligible for retro pay and signing bonus also my transfer request to Florida, she said that it was **not** relevant and that there was nothing in my complaint about a transfer request or retro pay and signing bonus. **Her excuse was** she did not understand my requests. I explained to her three (3) times in detail during our confer on November 10,

2020 that there was a list— she played the role of being dumbfounded? what bonus, ? what retro pay?? who was eligible?

Your November 13, 2020 e-mail dramatizes your disrespect for MIDP, FRCP, local laws, state laws, federal laws, amendments to the Constitution of the United States and the entire Federal Court system. Your actions clarify and dramatizes your good faith and give reason to pause. **EXHIBIT C**

Courtney indicated that I did not follow-up on her e-mail 2/20/20, my response dated 2/26/2020 **EXHIBIT A**

BATES NUMBERING SYSTEM

United responded with BATCH **of Numbers UA0000000-000 is confusing without** an index, key or password is indicative of their bad faith, willful and malicious intent to not follow MIDP rules. This Batch of numbers was in all of their responses. For over a year United failed to reveal the code to this numbering system. United never responded in words this numbering system. In a November 12, 2020 e-mail is referenced as "supplemental production of documents, Bates labeled UA001404-1617. "2020-11-12 United-s Answers and Objections to Plaintiff-s First Set of Interrogatories-Production Requests.PDF; UA 1404-1617.PDF. The Bates numbering system was created in the 1800's by inventor Edwin G. Bates. United deliberately and with malicious intent denied my many request for a key to the numbering system displayed and printed on their documents. This is their good faith effort to delay and sabotage these court proceedings.

FALSIFING NUMBER OF PAGES PRODUCED

United claimed that their response amounted to 1700 pages; you failed to reveal that you stacked the deck and did not remove the duplicates counting every page in manuals produced; instead of counting the entire manual as one page. Example Working Together Guidelines UA000001 – 0001064, the 2005-2009 sent to Mr. Mock on June 26, 2020 as UA 000216 – UO000463 Working Together Guidelines is actually the 2005 – 2009 AGREEMENT Between United Airlines, Inc. and The International Association of Machinists and Aerospace Workers (IAMAW) that you claim United have no agreement with.

## AVAILAILITY OF FILES

Disparate treatment in responding to request for production of Documents; denying me access to files. You gave favor to Attorney Mock; when he requested documents you readily gave him a link to https:///reedsmith.sharefile. With information that he can "reset it - previously". The password should be the same that you used when we shared Mr. Kline's personnel documents with you previously.." **EXHIBIT B**

United Fleet Service employees are bound by the contract.

INTERNATIONAL ASSOCIATION OF MACHINIST AND AEROSPACE WORKERS
(IAMAW)
PROVIDE

Your response is deficient. You sent the UA000216 – 000463 to Attorney Mock. That is what I requested and you denied me access to this CBA. You are showing favoritism to Mr. Mock by not responding to my request.

Your Agreement with IAMAW is show in UA000223: Specifically:

This Agreement is made and entered into in accordance with the provisions of Title II of the Railway Labor Act, as amended, by and between United Air Lines, Inc., hereinafter referred as to as the Company, and International Association of Machinists and Aerospace Workers, hereinafter referred to as the Union, representing employees composing the craft or class of Fleet Service Employees as certified by the National Mediation Board in Case R-4761 on June 6, 1978, and the craft or class of Stock Clerks as certified by the National Mediation Board in Case R-4844 on July 3, 1978. (For the purpose of identification, this Agreement shall be known as Ramp Stores (Agreement)

Regards,

*Lionell Kline*

Lionell Kline,
9212 S.Essex Ave.
Chicago, IL 60617
773-2602840
E-mail: Lionell.kline2840@gmail.com

EXHIBIT # C

| | |
|---|---|
| **From:** | Harwath, Amy I. |
| **Sent:** | Friday, November 13, 2020 12:11 PM |
| **To:** | 'Lionell Kline' |
| **Cc:** | Vorobiev, Jill S. |
| **Subject:** | RE: Kline v. United Airlines, Inc. - United's discovery responses and supplemental production |

Mr. Kline:

Your requests were styled as interrogatories but looked more in the nature of requests for production so we answered them as such. If there particular requests that you believe should be answered as interrogatories, please let us know.

Best regards,
Amy

**Amy Harwath**
Office: +1 312 207 2873
Cell: +1 630 946 4863
aharwath@reedsmith.com

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400

**From:** Lionell Kline <lionell.kline2840@gmail.com>
**Sent:** Friday, November 13, 2020 11:53 AM
**To:** Harwath, Amy I. <AHarwath@reedsmith.com>
**Cc:** dmock@donaldmock.com
**Subject:** Re: Kline v. United Airlines, Inc. - United's discovery responses and supplemental production

EXTERNAL E-MAIL - From lionell.kline2840@gmail.com

I am waiting on your answer to rule 33 Interrogatories.

Thank you for your immediate response.

Lionell Kline

1

 Gmail

EXHIBIT # A

Lionell Kline <lionell.kline2840@gmail.com>

## Kline v. United Airlines, Inc.

**Lionell Kline** <lionell.kline2840@gmail.com>
To: "Ofosu, Courtney M." <COfosu@reedsmith.com>

Wed, Feb 26, 2020 at 4:16 PM

I would seriously consider the agreement if we were at that point . Unfortunately we haven't begun so I object.

Regards

Lionell Kline
[Quoted text hidden]

EXHIBIT # B

| | |
|---|---|
| From: | Donald J. Mock <dmock@daleygeorges.com> |
| Sent: | Tuesday, May 12, 2020 9:49 AM |
| To: | Harwath, Amy I. |
| Subject: | RE: Lionell Kline vs. United Airlines |

EXTERNAL E-MAIL - From dmock@daleygeorges.com

Counsel,

Thank you, I did notice after sending my e-mail that another e-mail had been sent by your office a little later. I have now opened and downloaded the documents. Having just receive them, however, I have not yet had time to review the documents your office sent.

Donald Mock

---

**From:** Harwath, Amy I. <AHarwath@reedsmith.com>
**Sent:** Tuesday, May 12, 2020 9:45 AM
**To:** Donald J. Mock <dmock@daleygeorges.com>
**Cc:** Vorobiev, Jill S. <JVorobiev@reedsmith.com>
**Subject:** RE: Lionell Kline vs. United Airlines

Good morning Mr. Mock,

One of our IT folks, Ruben Montoya, sent the files to you last night from the email address mail@sf-notifications.com. Please let us know if you received that email.

Thank you,
Amy

Amy Harwath
+1 312 207 2873
aharwath@reedsmith.com

---

**From:** Donald J. Mock <dmock@daleygeorges.com>
**Sent:** Tuesday, May 12, 2020 9:37 AM
**To:** Harwath, Amy I. <AHarwath@reedsmith.com>
**Subject:** RE: Lionell Kline vs. United Airlines

1

EXTERNAL E-MAIL - From dmock@daleygeorges.com

EXHIBIT # B

Counsel,

Thank you for your follow-up to my e-mail sent yesterday. I look forward to receipt of the information in Mr. Kline's file.

Donald J. Mock

---

**From:** Harwath, Amy I. <AHarwath@reedsmith.com>
**Sent:** Monday, May 11, 2020 6:32 PM
**To:** Donald J. Mock <dmock@daleygeorges.com>
**Cc:** Vorobiev, Jill S. <JVorobiev@reedsmith.com>
**Subject:** RE: Lionell Kline vs. United Airlines

Mr. Mock,

Thank you for reaching out. Please correspond with myself and lead counsel Jill Vorobiev, cc'd here, going forward.

Per your request, we will be sending you under separate cover and via a secure file transfer personnel documents relating to Mr. Kline, which were previously produced to him. We are also including additional pay and wage information, which were also previously produced to Mr. Kline.

Please let us know if you do not receive the file, and if you need anything else going forward.

Regards,
Amy

**Amy Harwath**
+1 312 207 2873
aharwath@reedsmith.com

---

**From:** Donald J. Mock <dmock@daleygeorges.com>
**Sent:** Monday, May 11, 2020 11:21 AM
**To:** Harwath, Amy I. <AHarwath@reedsmith.com>
**Cc:** Cunyon Gordon <cgordon@clccrul.org>
**Subject:** Lionell Kline vs. United Airlines

EXTERNAL E-MAIL - From dmock@daleygeorges.com

Counsel:

Pursuant to a Pro Bono arrangement, I have been assigned the limited task of negotiating a possible settlement in the above-referenced matter. I attempted to contact your offices twice today but only receive a busy signal. I presume that your office is not open due to COVID-19 directives; and I was wondering if you or someone from your office could forward to me a copy of the United Airlines employee file it has for Mr. Kline. In addition, I am missing the Court

2

Documents Nos. 60, 61 and 62 and was wondering if you would you mind forwarding those to me? Please let me know with whom I should correspond directly since it appears that one of your lead attorneys recently withdrew as counsel and possibly the matter has now been reassigned to another?

Donald J. Mock

Daley and Georges, Ltd.
20 South Clark Street, Ste. #400
Chicago, IL 60604



EXHIBIT # B

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01

EXHIBIT # B

| | |
|---|---|
| **From:** | Harwath, Amy I. |
| **Sent:** | Friday, June 26, 2020 5:41 PM |
| **To:** | Donald J. Mock |
| **Cc:** | Vorobiev, Jill S. |
| **Subject:** | Kline v. United - United's document productions |

Mr. Mock,

Please see the below link and information to access United's document productions. The password should be the same that you used when we shared Mr. Kline's personnel documents with you previously, or you can easily reset it. Please let me know if you have any issues accessing the ShareFile site.

Link: https://reedsmith.sharefile.com/f/fo1fff59-813d-4040-89c4-dc7a8f2bbfb0
Logon: dmock@daleygeorges.com
Password: As previously used.

Have a great weekend,
Amy


**Amy Harwath**
Office: +1 312 207 2873
Cell: +1 630 946 4863
aharwath@reedsmith.com

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400